UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| Eddie James Jones | Civil Action 09-0044 |
| versus | Judge Tucker L. Melançon |
| Wal-Mart, et al | Magistrate Judge Methvin |

**ORDER**

Before the Court is pro se plaintiff, Eddie James Jones', Appeal of Magistrate Judge Decision denying his motion for appointment of attorney [Rec. Doc. 19]. On April 1, 2009, the magistrate judge in this case issued an Order denying plaintiff's motion for appointment of counsel in connection with his claims under Title VII and the Americans with Disabilities Act. *R. 7.*

Rule 72(a) of the Federal Rules of Civil Procedure governs the review of Magistrate Judge orders by district court judges. Rule 72(a) provides in pertinent part that:

> "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

Fed.R.Civ.P. 72(a). In applying this "clearly erroneous or contrary to law" standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. *Uviedo v. Steves Sash & Door Co.,* 738 F.2d 1425 (5th Cir. 1984) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

Plaintiff's objection is clearly untimely under Rule 72(a) as it was filed almost four (4) months after the magistrate judge's ruling. If the court does not apply Rule 72(a), there would effectively be no time limit on filing objections, and a magistrate judge order would be subject to

challenge for an indeterminate period. However, even if the Court were to consider plaintiff's objection, the result set forth in the magistrate judge's Order would not change. The April 1, 2009 Order indicates the magistrate judge analyzed plaintiff's request for appointment of counsel under the pertinent Fifth Circuit jurisprudence in denying the appointment of counsel. In particular, the magistrate judge found that plaintiff demonstrated in his complaint the ability to clearly recite and articulate the facts and chronology of events giving rise to his complaint. Further, the magistrate judge noted that plaintiff had been a litigant in multiple prior actions and was not unfamiliar with court procedures. Thus, after reviewing the Magistrate Judge's April 1, 2009 Order, as well as the entire record before the Court, the Court concludes that the Magistrate Judge applied the appropriate legal standards to the issues raised and did not make any clear error in her order. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Order is **AFFIRMED** and pro se plaintiff's Appeal of the Order [Rec. Doc. 19] is **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 3rd day of September, 2009.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE