RECEIVED
IN LAFAYETTE, LA.

JAN 1 4 2010

TONY R. MOORE, CLERK
BY _____
          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| **EDDIE JAMES JONES** | **CIVIL ACT. NO 09 - cv- 0044** |
| **V.** | **JUDGE MELANÇON** |
| **WAL-MART** | **MAGISTRATE JUDGE HANNA** |

### *REPORT AND RECOMMENDATION ON MOTION TO DISMISS*
### *(Rec. Doc. 14)*

Before the court is the Fed. R. Civ. P. Partial Motion for Partial Dismissal (Rec. Doc. 14).   The motion was referred to the undersigned for report and recommendation.  Plaintiff was granted an extension to file his opposition until October 12, 2009.  Plaintiff has never filed an opposition. For the following reasons, it is **RECOMMENDED** that the motion be **GRANTED**.

### *Background*

The instant complaint filed by *pro se* plaintiff Jones is based upon allegations that defendant Wal-Mart falsely accused him of shoplifting, being denied his purchases because he is black and refusing to allow him to conduct a public protest on the premises of the Jennings, Louisiana Wal-Mart.  Construed broadly, he seeks damages and injunctive relief pursuant to Title VII of the Civil

2

Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, 42 U.S.C. § 2000a

(Discrimination in a place of public accommodation); U.S.C. § 1981(particularly

42 U.S.C. §1981a (§102 of the Civil Rights Act of 1991)); § 42 U.S.C. 1982; §

12101 *et. seq.*, (Americans with Disabilities Act);  and the Rehabilitation Act of

1973, 29 U.S.C. § 701, *et. seq.*

### *The Complaint*

Jones alleges that he and other residents of a nursing  home were

transported to the Jennings Wal-Mart to do some shopping. After completing his

shopping, Jones lingered by the front door waiting for other residents.  Jones

alleges that Wal-Mart employees demanded to search his packages because of his

race, he was accused of theft, given a refund and "deprived" of his purchases

because he is black.

Jones also alleges that he was discriminated against when, after he had filed

a complaint with Wal-Mart, he was given the "run around," and could not obtain

the results of the ethics investigation.  He then organized a public protest by

making fliers and trying to distribute them to the public outside of Wal-Mart.  He

claims he was threatened with arrest if he did not cease the protest.

3

### *Standard for Motions to Dismiss*

Motions to dismiss are viewed with disfavor and rarely granted. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted), *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.*, 495 F.3d at 205, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*, *quoting Bell Atl.*, 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl.*, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

4

Determining whether a complaint states a plausible claim for relief is, therefore, a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Ashcroft*, 129 S.Ct. at 1950. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 1950. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

### The Motion

Defendant seeks a partial dismissal of many of Jones's claims, asserting that they do not apply.

### Title VII-Employment Discrimination

Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000(e), *et. seq*. applies only to employment discrimination which is not alleged here. *See* Miller v. Potter, 2010 WL 45865, 1 (5th Cir. 2010) *See* Miller v. Potter, 2010 WL 45865, 1 ((5th Cir. 2010) ("Title VII prohibits an employer from making an adverse employment decision that is motivated in part by discrimination on the basis of sex, race, color, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1); Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 333 (5th Cir.2005)." )). Accordingly, the undersigned recommends that plaintiff's Title VII claim be dismissed.

5

## Discrimination in Place of Public Accommodation - 42 USCA § 2000a

Retail stores, food markets and the like are not within the ambit of § 2000a:

It is clear that Congress did not intend for retail establishments ... to be included in § 2000a. Section 2000a(b)(2) lists cafeterias, lunchrooms, etc. as establishments which are considered as "places of public accommodation". This subsection goes on to include any facility (e.g., restaurants) "... located on the premises of any retail establishment...." The clear implication of this provision is that Congress did not intend to include retail establishments-thus the need to make clear that restaurant type facilities within a retail establishment were covered under 42 U.S.C. § 2000a(b)(2). If retail establishments were also intended to be covered, there would be no need for this provision.

Brackens v. Big Lots, Inc. , 2007 WL 208750, 2 (W.D.Tx. 2007) *citing* Priddy v.

Shopko Corp., 918 F. Supp. 358, 359 (D. Utah 1995); *See also* Newman v. Piggie

Park Enterprises, 377 F.2d 433, 436 (4th Cir.1967).

Jones alleges that the alleged discrimination took place outside of Wal-Mart

and not within in any restaurant in the store.  Accordingly, the undersigned

recommends that this claim be dismissed.

## § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

§ 1981a provides for  "Damages in cases of intentional discrimination in

employment." Again, Jones has not alleged any employment relationship with

Wal-Mart.  Therefore, the undersigned recommends that this claim be dismissed.

6

## Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*
## Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*

The Americans with Disabilities Act prohibits discrimination against

individuals based on any disability.  The Rehabilitation Act of 1973 protects the

handicapped.  Jones alleges that he was discriminated against based upon his race

and not upon any disability or handicap. Therefore, the undersigned recommends

that his claims under 42 U.S.C. § 12101, *et seq.* and 29 U.S.C. §701 *et.seq.* should

be dismissed.

## Jones's Ethics Complaint and Public Protest

Jones alleges that his ethics complaint was handled in a discriminatory

fashion and his attempt to lawfully protest was thwarted by Wal-Mart employees

who threatened to have him arrested.

It is unclear from the pleadings whether *pro se* plaintiff is attempting to

allege a state and/or federal constitutional, statutory, or jurisprudential claim. A

court is required to construe briefs of *pro se* litigants and apply less stringent

standards to parties proceeding *pro se* than to parties represented by counsel.

Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).[1]

_____

[1] **Plaintiff, however, is** *not* **excused from complying with court orders and the Federal Rules of Civil Procedure.  Plaintiff did not provide his inserts to the Rule 26(f) report which was due on November 4, 2009 (Rec. Doc. 23).  The court issued an order on December 23, 2009 that required him to provide his inserts so the Report could be filed on or before January 8, 2010 (Rec. Doc. 28).   Plaintiff has not complied.  A R. 16(f)**

7

Construed in the broadest possible sense, plaintiff has alleged constitutional claims, including violations of the First Amendment/Due Process and/or Fourth Amendment, and/or state claims that may be within the court's supplemental jurisdiction.  The undersigned notes, however, that to the extent that plaintiff is alleging a constitutional claim, it does  not appear any state actor is involved. Additionally, under the facts as alleged, the First Amendment does not apply because it does not apply to speech in the private domain and it appears that plaintiff was attempting his protest on Wal-Mart property.  <u>Pleasant Grove City, Utah v. Summum,</u> 129 S.Ct. 1125, 1132 (U.S. 2009) (In order to preserve freedom of speech, government entities are strictly limited in their ability to regulate private speech in . . . "traditional public fora.").

At this juncture, however, because *pro se* pleadings should be construed broadly and a motion to dismiss should *not* be granted if a plaintiff has stated a plausible claim for relief, the undersigned recommends that defendant's motion to dismiss plaintiff's claims regarding the handling of his Ethics Complaint and attempts to conduct a protest be **DENIED**.

---

conference is set for January 28, 2010 to consider this matter along with others.

8

### *Conclusion*

For the foregoing reasons, and considering that the motion is unopposed, **IT IS RECOMMENDED** that Wal-Mart's motion for partial dismissal should be granted in part and denied in part and Jones's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*; § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; Discrimination in a place of public accommodation in violation of 42 U.S.C. § 2000a; Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.* be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims under 42 U.S.C. §§ 1981 (other than any claim under  42 U.S.C. § 1981a) and 1982 and those related to his ethics complaint and his protest and picketing outside of the Wal-Mart Jennings store be allowed to proceed to trial.

**IT IS FURTHER RECOMMENDED** that, if applicable, plaintiff shall amend his complaint **WITHIN FIFTEEN DAYS** of the entry of judgment to allege his claims regarding the Ethics Complaint and his protest with more particularity.  Through his amended complaint, plaintiff is to identify the basis in law (eg. federal or state statutory, constitutional, jurisprudential) upon which these claims are founded.

9

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana on January 13, 2010.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE