UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Eddie James Jones                                    Civil Action 09-0044

versus                                               Judge Tucker L. Melançon

Wal-Mart                                             Magistrate Judge Hanna

## JUDGMENT

Before the Court is plaintiff Eddie James Jones' Motion in Response to Judge Melançon's Judgment and Order That Plaintiff Amend His Complaint. [Rec. Doc. 42]. On January 14, 2010, the Magistrate Judge assigned to this case issued a Report and Recommendation that defendant's motion to dismiss be granted in part in that all of plaintiff's claims be dismissed, except his claims under 42 U.S.C. §§ 1981[1] and 1982[2] and his claims related to Wal-Mart's handling of his ethics complaint and his picketing outside of the Wal-Mart Jennings store. *R. 33*. The Magistrate Judge also recommended that plaintiff be required to amend his Complaint to allege the ethics and picketing claims with particularity and to identify the basis in law upon which they are founded. *Id.* The

---

[1] 42 U.S.C.A. § 1981 provides, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

[2] 42 U.S.C.A. § 1982 provides, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

Court adopted the Report and Recommendation on February 2, 2010 and ordered that plaintiff amend his Complaint within fifteen (15) days of the entry of the Court's judgment. *R. 37.* Plaintiff filed this motion for leave to file his amended Complaint on April 21, 2010. While Jones' response to the Court's order is over 2 months past the deadline, as plaintiff is pro se, the Court will consider his motion to amend his Complaint.

Under the Federal Rules of Civil Procedure, Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While "the pleadings standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Igbal*, ---U.S. ----, 129 S.Ct. 1937, 1949 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id. quoting Twombly*, 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004). To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 *quoting* Rule 8(a)(2).

Plaintiff alleges in his amended Complaint that his ethics and protests claims are based upon "the First Amendment, the Fourth Amendment, the Seventh Amendment, the Fourteenth Amendment, and the Ninth Amendment; along with more particularity the U.S. Code Title 42 Chapter 21, Subchapter 1, 1981 and and [sic] 1982 and the Eighth Amendment." Upon review of plaintiff's amended Complaint, the basis of his ethics and protesting claims remain unclear. Merely submitting a list of statutes without providing the specific sections plaintiff intended to invoke and without citation to the record or the relevant law fails "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly,

IT IS ORDERED that plaintiff Eddie James Jones' Motion to Amend His Complaint is DENIED.

IT IS FURTHER ORDERED that plaintiff's claims related to his ethics complaint and picketing claims are DISMISSED with prejudice and the only claims remaining in

this action are plaintiff's allegations under 42 U.S.C. §§ 1981 and 1982.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this 14th day of June, 2010.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE