UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

Eddie James Jones

versus

Wal-Mart, et al

Civil Action No. 2:09-0044

Judge Tucker L. Melançon

Magistrate Judge Hanna

**MEMORANDUM RULING**

Before the Court is an unopposed[1] Motion for Summary Judgment filed by defendant Wal-Mart Louisiana LLC against pro se plaintiff, Eddie James Jones. [Rec. Doc. 45]. For the following reasons, defendant's motion will be granted.

*I. Background*

This action arises from plaintiff, Eddie James Jones', alleged civil rights claims under 42 U.S.C. § 1981 and § 1982 against Wal-Mart Louisiana LLC ("Wal-Mart"). Plaintiff alleges that Wal-Mart employees discriminated against him on the basis of race by making false accusations of theft. *R. 45-1, Defendant's Statement of Uncontested Material Facts.*[2] According to his Complaint, on March 18, 2008, plaintiff purchased two shirts from the men's clothing department at the Wal-Mart store in Jennings, Louisiana. R. 1. While waiting at the front of the store for his companions to complete their shopping, plaintiff alleges that Wal-Mart employees gathered near the shopping carts and stopped him when he attempted to walk out of the store, demanding to see the purchases in his bag. *Id.* Plaintiff further alleges that Wal-Mart employees "deprived" him of his purchases. *Id.*

---

[1] Pursuant to Local Rule 7.5W the deadline to file an opposition to defendants' motion was August 3, 2010.

[2] As no opposition was filed, defendants' Statement of Uncontested Facts [Rec. Doc. 45-1] is admitted. *L.R. 56.2.*

1

Because the employees did not hinder or deprive white customers of their purchases, plaintiff alleges the incident was racially motivated. *Id.*

In his September 30, 2009 deposition, plaintiff testified that after arriving at the Wal-Mart with his companions, he selected a tee-shirt and a collared shirt in the men's department and checked out in the jewelry department. *R. 45, Exh. 1, 09/30/09 Depo. Of Plaintiff, pp. 27-30.* He then went to the front of the store to wait for his companions to finish shopping. *Id. at pp. 3-34.* While waiting for approximately 15 minutes near the front door adjacent to the bakery department, plaintiff testified that he attempted to exit the store to smoke a cigarette. *Id. at p. 35.* The store "greeter" requested that plaintiff show his receipt. *Id.* Plaintiff gave the greeter his receipt and assured her that the receipt was for the purchases in the bag but refused to allow an inspection of the contents. *Id.* Thereafter, a manager approached and requested to inspect plaintiff's purchases. *Id. at pp. 35-36.* Plaintiff refused, but stated that if the bag was inspected he wanted a refund. *Id. at p. 36.* After inspection reviewed that plaintiff had indeed purchased the contents, the manager took him to customer service and refunded his money. *Id.* Plaintiff's testimony as to the incident is as follows:

> So I told him if he wanted the bag, I wanted my money. And he said that would be fine because he believed that the products that I had in my bag were not bought by me. So with that understood, he demanded the bag. I gave him – I turned over the bag to him, and the proof of purchase was verified. He turned and went to customer service, and I followed him to customer service, and he refunded my money and denied me the right to purchase the merchandise which I desired from Wal-Mart.

*Id.*

While still at the store, plaintiff made a complaint regarding the incident, in which he stated, "I told them both again that I did [sic] steal anything and that if I was searched would mean refunding me my money and legal action once it was determined that my receipt and items were of my purchase not a theft." *Id. at pp. 58-59, 68, Exh. 1, p. 5.*

2

Plaintiff filed this action, pro se, on January 12, 2009, claiming damages and injunctive relief pursuant to title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20002, *et seq.*, 42 U.S.C. § 2000a (Discrimination in a place of public accommodation); 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 12101 *et. Seq.* (Americans with Disabilities Act), and 29 U.S.C. § 701, *et. seq.* (the Rehabilitation Act of 1973). *R. 1.* Wal-Mart filed a motion for partial dismissal of plaintiff's claims on July 17, 2009. *R. 14.* On February 2, 2010, the Court adopted the January 7, 2010 Report and Recommendation of the Magistrate Judge, dismissing all of plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, with the exception of his § 1981(b) and § 1982 claims. *R. 33; 37.* Wal-Mart filed the motion at bar on July 13, 2010, moving for dismissal of plaintiff's remaining claims.

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a

3

genuine issue for trial.[3] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Analysis

Wal-Mart moves for summary judgment on plaintiff's claims for discrimination on the basis of his race under Title 42 of the United States Code section 1981 and section 1982. 42 U.S.C. § 1981 states in part:

> All persons within the jurisdiction of the United States shall have the same rights in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white

---

[3] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

>  citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.

42 U.S.C. § 1982 states in part:

>  All citizens of the United States shall have the same right, in every state and territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal properties.

"Claims of racial discrimination brought under section 1981 [or section 1982] are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII." *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997), *quoting LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n. 2 (5th Cir.1996). In view of their common derivation, § 1981 and § 1982 claims are construed together. *Runyon v. McCrary*, 427 U.S. 160, 190 (1976) (Stevens, J. concurring) ("[I]t would be most incongruous to give those two sections [§§ 1981 and 1982] a fundamentally different construction."); *Williams v. Dillard's Dept. Stores, Inc.*, 211 Fed.Appx. 327, 329 (5th Cir. 2006) ("Section 1981 and section 1982 claims are generally construed in tandem.") (internal quotations omitted).

In order to establish a § 1981 or § 1982 claim the plaintiff must prove a prima facie case of discrimination by showing that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001). Under § 1981, a plaintiff must establish the loss of an actual, not speculative or prospective, contract interest. *Id.* (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir.1997) (denying recovery under § 1981 to a plaintiff who "failed to present any evidence that [the defendant] did in fact interfere with the contract"). To succeed in a section 1982 action, a plaintiff must prove that he is a member of a racial minority, and that there was an intentional act of racial discrimination by a defendant

5

that concerned plaintiff's property rights. *Watson v. Clark*, 2007 WL 1170035 (E.D. Tex., 2007) (citing *Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir.1986)).

While Wal-Mart concedes that plaintiff is a black male and is therefore a member of a racial minority, it argues that sections 1981 and 1982 are not implicated by the facts of this case. In essence, Wal-Mart contends that plaintiff cannot establish the third element for either claim because the evidence does not reflect plaintiff's loss of an actual contract interest or that Wal-Mart's conduct impaired his ability to exercise property rights. The Court agrees.

In *Morris*, the Fifth Circuit addressed as a matter of first impression a § 1981 claim brought against a merchant in the retail context. *Morris*, 277 F.3d at 752. Morris alleged she was banned from Dillard's Department Store following her arrest and that this banishment constituted the loss of an actual contract interest. In denying plaintiff's § 1981 claim, the court held that a plaintiff must establish the loss of an actual, not speculative or prospective, contract interest. *Id.* Because Morris had not made any tangible attempt to purchase or return goods, she had not entered into any contractual agreement that was thwarted by Dillards. *Id.* In forming its opinion as to whether a contractual relationship had formed, the Fifth Circuit reviewed cases from other jurisdiction arising under Section 1981 in the retail context. *"See, Morris v. Office Max, Inc.*, 89 F.3d 411, 414-15 (7th Cir.1996) (rejecting a plaintiff's § 1981 claim asserting that a merchant interfered with his 'prospective contractual relations' where the plaintiff had completed a purchase prior to being detained, despite the fact that the plaintiff was examining additional goods with intent to purchase at the time he was detained) (internal quotation omitted); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 853-55 (8th Cir.2001) (holding that where a plaintiff purchased some beef jerky and was arrested for concealing other goods, the merchant 'cannot be said to have deprived [the plaintiff] of any benefit of any contractual relationship, as no such relationship existed' at the time of the

arrest because 'nothing that happened after the sale created any further contractual duty on [the merchant's] part'); *Hickerson v. Macy's Dep't Store at Esplanade Mall*, 1999 WL 144461, at *2 (E.D.La. Mar.16, 1999) (holding that a plaintiff was not 'prevented from making a particular purchase, or from returning [goods] he had previously bought' and thus granting summary judgment in favor of a merchant because '[t]here is no generalized right under section 1981 to have access to opportunities to make prospective contracts')." *Id.* Summarizing the holdings of these cases, the court stated, "Consequently, to raise a material issue of fact as to her § 1981 claim, [a plaintiff] must offer evidence of some tangible attempt to contract with [the merchant] during the course of the ban, which could give rise to a contractual duty between her and the merchant, and which was in some way thwarted." *Id.* In this case, plaintiff had completed his purchase and his bag was searched as he was exiting the Wal-Mart store. Based on the foregoing jurisprudence, specifically the holdings of other jurisdictions cited by the Fifth Circuit in *Morris*, because the sale was completed, a contractual relationship no longer existed between plaintiff and Wal-Mart. Moreover, the record indicates that because it was plaintiff's choice to return his purchases and obtain a refund, he was not prevented from making a particular purchase, or from returning goods he had previously bought. Consequently, plaintiff has failed to establish a prima facie case under § 1981.

Nor do the facts of this case support a claim under Section 1982. Plaintiff stated in his deposition that he conditioned the search upon returning the merchandise and receiving a refund - which was given to him. "When the merchant does not infringe on a contractual right under § 1981, courts have reasoned that no right to purchase personal property is impacted under § 1982." *Williams*, 211 Fed. Appx, at 329. Because no attempted property transaction was thwarted, plaintiff has failed to establish a prima facie case under § 1982.

*IV. Conclusion*

As plaintiff has failed to establish a claim for discrimination under either section 1981 or section 1982, his only remaining causes of action, this action must be dismissed.